121-1637

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAWN BRUDER & JOHN BRUDER<br><br>Plaintiffs<br><br>V.<br><br>BACARDI CORPORATION, *et al.*<br><br>Defendants | CIVIL NÚM.:  23cv1550 (JAG)<br><br>RE:  Personal Injury; Diversity;<br>       Jury Trial Demanded |

**ANSWER TO THE COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW Chubb Insurance Company of Puerto Rico ("Chubb"), through the undersigned attorney and respectfully states, alleges, and prays as follows:

### I. JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint is denied.

2. Paragraph 2 of the Complaint is denied.

### II. THE PARTIES

3. Paragraph 3 of the Complaint is denied for lack of sufficient information and/or knowledge upon which to form a belief and/or opinion.

4. Paragraph 4 of the Complaint is admitted upon information or belief.

5. Paragraph 5 of the Complaint is denied as drafted. It is admitted that Chubb Insurance Company of Puerto Rico is an insurance company authorized to conduct insurance business in Puerto Rico, with its principal place of business at Doral Bank Center, Suite 500, 33 Resolución st., San Juan, PR 00920-2717. Chubb issued

policy number 08-41PR-000100055-7, to Bacardi Corporation, which has an effective date from March 31, 2022 to March 31, 2023, and limits of $1,500,00 per occurrence and in the aggregate, subject to all its terms, clauses, conditions, and exclusions.

6. Paragraph 6 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

7. Paragraph 7 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

### III.   FACTUAL ALLEGATIONS

8. Paragraph 8 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

9. Paragraph 9 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

10. Paragraph 10 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

11. Paragraph 11 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

12. Paragraph 12 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

13. Paragraph 13 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

14. Paragraph 14 of the Complaint is denied.

15. Paragraph 8 of the Complaint does not require a response from Chubb as it is addressed to another party. If a response is required, then it is denied.

16. Paragraph 16 of the Complaint is denied based on information and belief.

17. Paragraph 17 of the Complaint is denied.

18. Paragraph 18 of the Complaint is denied.

19. Paragraph 19 of the Complaint is denied.

20. Paragraph 20 of the Complaint is denied.

21. Paragraph 21 of the Complaint is denied.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

24. Paragraph 24 of the Complaint is denied.

25. Paragraph 25 of the Complaint is denied. It is affirmatively alleged that there were wet floor signs in place.

26. Paragraph 26 of the Complaint is denied.

27. Paragraph 27 of the Complaint is denied.

28. Paragraph 28, including subparagraphs "a" to "c" of the Complaint are denied.

29. Paragraph 29 of the Complaint is denied.

30. Paragraph 30 of the Complaint is denied.

## COUNT I: NEGLIGENCE

31. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

32. Paragraph 32 of the Complaint is denied.

33. Paragraph 33 of the Complaint is denied.

34. Paragraph 34 of the Complaint is denied.

35. Paragraph 35 of the Complaint is denied.

36. Paragraph 36 of the Complaint is denied.

37. Paragraph 37 of the Complaint is denied.

38. Paragraph 38 of the Complaint is denied.

### Count II: Loss of Consortium

39. Paragraph 39 of the Complaint is denied.

40. Paragraph 40 of the Complaint is denied.

41. Paragraph 41 of the Complaint is denied.

### JURY TRIAL DEMAND

42. Paragraph 42 of the Complaint is denied.

The following affirmative defenses are raised independently, in conjunction with, or in the alternative of, each other:

1. The Complaint fails to allege a cause of action upon which a remedy can be granted to plaintiffs and against the appearing party.

2. The Court lacks subject matter and/or in personam jurisdiction over the appearing party. Plaintiffs have failed to show there is complete diversity between them and the Defendants.

3. There is no proximate cause or efficient cause between the appearing defendants' alleged negligent acts or omissions and the damages claimed by the plaintiffs.

4. The damages claimed by the plaintiffs were due to the negligent acts or omissions of third parties for which the appearing defendants are not liable.

5.      The damage was caused by the plaintiffs' negligence in failing to take precautions that a prudent and reasonable person would take under these circumstances.

6.      Assuming some comparative negligence can be respected to the appearing defendants, its liability would be limited to that portion of plaintiffs' damages equal to the appearing defendants' degree of comparative negligence.

7.      The claims against the appearing defendants are subject to the doctrines of "laches" and/or "estoppel."

8.      Plaintiff's injuries were not caused by a dangerous condition.

9.      The dangerous condition that allegedly caused plaintiff's injuries had been recently created and the appearing party had no knowledge, real or constructive, of its existence.

10.     The sums claimed by the plaintiffs are disproportionate and excessive when compared to the damages suffered. Alternatively, they were not a foreseeable consequence of any negligence.

11.     Plaintiffs failed to mitigate damages. Alternatively, their damages are due to preexisting conditions for which the appearing defendants are not liable.

12.     All or part of the damages claimed by the plaintiffs have been compensated or otherwise paid by a third party, and hence plaintiffs have no standing to claim such damages.

13.     Plaintiffs have failed to include indispensable and/or necessary parties.

14.     Plaintiff's injuries were not caused by a dangerous condition.

15.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

16. To the extent plaintiffs' claims against any other tortfeasor are time-barred, plaintiffs are precluded from recovering from the appearing parties any damages attributable to such other tortfeasor.

17. Plaintiffs' alleged damages were remote and not reasonably foreseeable consequence of any alleged conduct by Defendants; therefore, Defendants owed no duty to Plaintiffs as a matter of law and cannot be held liable for Plaintiffs' alleged damages.

18. Plaintiffs have failed to adequately plead or allege special damages, and therefore are not entitled to their recovery.

19. Plaintiffs' claim for damages is barred by the doctrine of avoidable consequences. In the alternative, Plaintiff's claims for damages should be reduced in kind.

20. Plaintiffs' alleged damages are unreasonable, not foreseeable, excessive, exaggerated, speculative, arbitrary, remote, and/or are not allowed in whole or in part, under applicable law.

21. The complaint is frivolous and should be dismissed. The Court should grant all defense costs, expenses, and reasonable attorney's fees to Defendants.

22. Any facts or allegations not specifically admitted are considered denied.

23. Defendants have fully complied with all their legal and contractual obligations.

24. At all times, Defendants acted in good faith. At no time did the appearing parties act in bad faith and/or negligently, arbitrarily or capriciously.

25. Plaintiffs are not entitled to receive any compensatory, liquidated, punitive and/or any other type of damages.

26. Any negligence from Defendants, which is denied, was absorbed by the plaintiffs' negligence at the time of the accident, or that of a third party for which the appearing party is not responsible.

27. Chubb issued a General Liability policy number 08-41PR-000100055-7, to Bacardi Corporation, which has an effective date from March 31, 2022 to March 31, 2023, and limits of $10,000,000 per occurrence and in the aggregate, subject to all its terms, clauses, conditions, and exclusions.

28. The appearing party reserves its right to raise any other affirmative defense that may arise in the future because of the discovery carried out or the investigation performed or to be performed.

WHEREFORE, the appearing party respectfully requested that this Honorable Court dismiss the Complaint against Chubb and impose on the plaintiffs the payment of the court costs and attorneys' fees.

In San Juan, Puerto Rico, this 29th day of January 2024.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

Respectfully submitted,

**S/MARGARITA ROSADO-TOLEDO**
MARGARITA ROSADO-TOLEDO
Bar No.: 227903
Email: mrosado@colonlaw.com

**Colón & Colón, P.S.C.**
Mailing: PO Box 9023355
         San Juan, PR  00902-3355
Street:  1225 Ave. Ponce de León PH-1325
         San Juan, PR  00907-3907
Tel.:    (787) 758-6060